UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

EDWARD CROMER,

        Plaintiff,

v.                                          Case No. 2:09-CV-220

CATHERINE BAUMAN, et al.,             HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

      Plaintiff, Edward Cromer, has filed objections to Magistrate Judge Greeley's February 9, 2011, Report and Recommendation recommending that the motion for summary judgment filed by Defendants Bauman, Carberry, Enterline, Eyke, Hursh, Maki, Monticello, and Rondeau be granted and Plaintiff's motion for summary judgment be denied. In his Report and Recommendation, the magistrate judge concluded as follows regarding Plaintiff's multi-faceted complaint: (1) the doctrine of claim preclusion requires dismissal of Plaintiff's equal protection claim against Defendant Carberry because a previous lawsuit, *Cromer v. Carberry, et al.*, Case No. 2:08-CV-203, was dismissed on the merits and involved the same claim (based on the destruction of his typewriter) as Plaintiff asserts against Defendant Carberry in the instant case; (2) Plaintiff's claim against defendant Maki, a hearings officer, fails because she is protected by absolute immunity and Plaintiff's challenges to the validity of the state law do not present federal questions; (3) Plaintiff's claims against Defendants Bauman and Eyke must be dismissed for lack of personal involvement; (4) Defendant Hursh did not violate Plaintiff's Eighth Amendment rights by sending him out of the dining hall after it appeared that Plaintiff had finished eating; (5) Defendant Enterline did not violate

Plaintiff's Eighth Amendment rights by failing to issue Plaintiff state issued shoes on a more frequent basis; (6) Plaintiff failed to establish a retaliation claim based on the misconduct tickets that Defendants issued because the misconduct tickets were upheld at hearings and Plaintiff failed to show that his protected conduct motivated Defendants to write the misconduct tickets; (7) Plaintiff failed to assert viable claims under the Ninth or Tenth Amendments; and (8) Defendants Bauman, Eyke, Maki, Rondeau, Enterline, Hursh, and Monticello are entitled to qualified immunity.

After conducting a *de novo* review of the Report and Recommendation, Plaintiff's objections, and the pertinent portions of the record, the Court concludes that the Report and Recommendation should be adopted.

Plaintiff raises a number of arguments in his Objections, not all of which are relevant to the claims addressed in the Report and Recommendation. Therefore, the Court will address only those arguments that are pertinent to the magistrate judge's conclusions.

First, regarding Defendant Carberry, Plaintiff claims that he could not have raised his equal protection claim in the prior action because he first had to wait for the State Administrative Board to complete its investigation before asserting an equal protection claim based on the confiscation of his typewriter. The Court disagrees. To the extent Plaintiff had an equal protection claim, he was not prevented from asserting it in the prior action, even if an administrative review process had not been completed. So long as Plaintiff had complied with the MDOC's administrative grievance procedures, he could have asserted his equal protection claim, notwithstanding the pendency of administrative review, because "§ 1983 contains no judicially imposed exhaustion requirement." *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S. Ct. 1584, 1589 (1997).

Second, as for Plaintiff's claim based on failure to provide state issued and/or therapeutic shoes, Plaintiff simply asserts that the magistrate judge mixed Plaintiff's claims, but he does not

2

explain why he stated valid Eighth Amendment claim against Defendant Enterline for depriving Plaintiff of shoes. Plaintiff asserts that Defendant Enterline violated his Eighth Amendment rights by not providing Plaintiff state shoes every two or three weeks. Plaintiff appears to contend that in refusing to replace Plaintiff's state shoes whenever he requested, Defendant Enterline violated Plaintiff's Eighth Amendment rights. Plaintiff's allegations fail to establish a serious deprivation that violates the Eighth Amendment.

Third, regarding Defendant Maki, Plaintiff states that she is not entitled to absolute immunity because she lacked jurisdiction to act as a hearing officer on Plaintiff's misconduct tickets. However, Plaintiff admits that Defendant Maki was acting within her authority as a hearing officer. Under those circumstances, Defendant is entitled to absolute immunity. *See Shelly v. Johnson*, 849 F.2d 228, 230 (6th cir. 1988) (holding that prison hearing officers are treated as judicial officers under Michigan law and are therefore entitled to absolute immunity). The fact that Plaintiff asserts that M.C.L. § 791.251 is somehow invalid does not abrogate Defendant Maki's immunity. Moreover, as the magistrate judge observed, Plaintiff's challenges to the validity of the statute does not give rise to a federal claim.

Fourth, Plaintiff asserts that the magistrate judge improperly separated his allegations regarding his conspiracy claim under 42 U.S.C. § 1985(3) and analyzed them as separate claims. The Court disagrees. While the magistrate judge did not specifically address Plaintiff's conspiracy claim, he did refer to Plaintiff's unsupported and conclusory allegations that Defendants are part of an internal group under the control of the warden that takes illegal actions against mentally ill prisoners, which is the crux of Plaintiff's conspiracy claim. In the Sixth Circuit, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will be sufficient to state a claim . . . ." *Moldowan v. City*

*of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (internal quotations omitted). Plaintiff's conspiracy claim failed to meet this standard.

Fifth, Plaintiff contends that his claim against Defendant Hursh should not be dismissed, but his arguments are difficult to decipher. In any event, the Court concurs with the magistrate judge that Defendant's conduct in hurrying Plaintiff through his meal on March 10, 2009, did not violate the Eighth Amendment. Similarly, to the extent Plaintiff alleges that such conduct was somehow retaliatory, he fails to articulate a valid retaliation claim.

Sixth, apparently in connection with his retaliation claim, Plaintiff mentions the alleged falsified misconduct tickets written by Defendants Monticello, Rondeau, and Denman, but he fails to address the magistrate judge's finding that the misconduct tickets were all supported by evidence and upheld at the hearings. In other words, Plaintiff has failed to show that the misconduct tickets were false and that his protected conduct motivated the misconduct tickets.

Finally, Plaintiff asserts, in connection with a qualified immunity argument, that his disability and free speech are protected by the Americans with Disabilities Act. However, he fails to articulate the basis of any such claims. Simply put, Defendant has established neither a violation of a constitutional right for purposes of his claim under § 1983 nor a violation of the Americans with Disabilities Act. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 9, 2011 (docket no. 71) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Bauman, Carberry, Enterline, Hursh, Eyke, Maki, Monticello, and Rondeau's Motion for Summary Judgment (docket no. 36) is **GRANTED**, and Plaintiff's federal claims against these Defendants are **dismissed with prejudice**. To the extent Plaintiff alleges state law claims regarding the validity of M.C.L. § 791.251, the Court declines to

exercise supplemental jurisdiction over those claims and dismisses them without prejudice pursuant to 28 U.S.C. § 1367(c).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (docket no. 51) is **DENIED**.


Dated: March 28, 2011                          /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE