UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

EDWARD CROMER,

        Plaintiff,

v.                                                         Case No. 2:09-CV-220

CATHERINE BAUMAN, et al.,                 HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

        Plaintiff, Edward Cromer, and Defendant, Brent Bradley, have filed Objections to Magistrate Judge Greeley's July 25, 2011, Report and Recommendation ("R & R").  In his R & R, the magistrate judge recommended that the Court grant in part and deny in part Defendants Jill Denman and Brent Bradley's motion for summary judgment.  More specifically, the magistrate judge recommended that Defendants' motion be denied with regard to Plaintiff's Eighth Amendment claim against Defendant Bradley and granted with regard to Plaintiff's retaliation claims against Defendants Bradley and Denman.  Regarding the Eighth Amendment claim, the magistrate judge concluded that a genuine issue of material fact remains regarding the level of force Defendant Bradley used on Plaintiff and the need for that force.  As for the retaliation claims, the magistrate judge concluded that Plaintiff cannot show that the alleged retaliation resulted from Plaintiff engaging in protected conduct.  Finally, the magistrate judge recommended that Plaintiff's motion for summary judgment be denied.

        After conducting a *de novo* review of the Report and Recommendation, the parties' Objections, and the pertinent portions of the record, the Court concludes that the Report and Recommendation should be adopted.

*Defendant Bradley's Objection*

In his Objection, Defendant Bradley again argues that Plaintiff cannot show that Bradley inflicted serious pain or injury or that the force he used on Plaintiff was maliciously or sadistically applied for the purpose of harming Plaintiff. The magistrate judge concluded that a material issue of fact remains because Plaintiff alleges that after Bradley handcuffed him, Bradley slammed Plaintiff's head against a steel door when Plaintiff complained the handcuffs were too tight. Other than again citing his own version of events, Bradley offers no reason in his Objection why the magistrate judge erred in concluding that Plaintiff's allegation creates a genuine issue of material fact. Therefore, the Court rejects Bradley's argument.

*Plaintiff's Objection*

Plaintiff's Objection, as the Court understands it, does not take issue with the magistrate judge's recommendation that Defendants are entitled to summary judgment on the retaliation claims discussed in the R & R. Rather, Plaintiff asserts that the magistrate judge failed to address his claim that Defendant Bradley retaliated against him on February 25, 2009, by ransacking his cell. Plaintiff is correct that the R & R did not address this claim. Plaintiff alleges that on February 25, 2009, two members of an alleged "internal group" opened all the windows in the Spruce Unit chow hall. Plaintiff alleges that he complained to Sgt. Kienitz about the cold air coming in through the windows and Sgt. Kienitz responded that it was to make Plaintiff eat faster. Plaintiff asserts that immediately thereafter, Defendant Bradley left the chow hall and ransacked Plaintiff's cell in retaliation for Plaintiff's complaint to Sgt. Kienitz.

To establish a retaliation claim, a plaintiff must prove that: (1) he engaged in activities protected by the Constitution or statute; (2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action

was taken at least in part because of the exercise of the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Even assuming that Plaintiff's complaint to Sgt. Kienitz was protected conduct, Plaintiff's retaliation claim fails because it is supported by nothing more than speculation regarding the second and third elements of such a claim. Plaintiff does not aver that he actually witnessed Bradley ransack his cell. Rather, that allegation is merely speculation. In addition, Plaintiff fails to present sufficient evidence to show that Defendant Bradley acted in retaliation for Plaintiff's complaint to Sgt. Kienitz. Plaintiff's assertion that Bradley ransacked his cell because Plaintiff complained to Sgt. Kienitz is based entirely upon speculation and not admissible evidence. Thus, Plaintiff cannot establish the requisite causal connection for a retaliation claim. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 25, 2011 (docket no. 74) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Denman and Bradley's Motion for Summary Judgment (docket no. 54) is **GRANTED IN PART AND DENIED IN PART**. The motion is **granted** with regard to Plaintiff's First Amendment retaliation claims against Defendants Denman and Bradley and **denied** with regard to Plaintiff's Eighth Amendment excessive force claim against Defendant Bradley.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (docket no. 68) is **DENIED**.

Dated:  September 29, 2011               /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE